**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

```
ENTERED

AUG 2 6 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia
```

IN THE MATTER OF THE COMPLAINT
OF B & H TOWING, INC., et al.,

Plaintiffs,

CIVIL ACTION NO.  6:05-cv-00233

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the claimants' Motion for Intra-District Transfer Pursuant to 28

U.S.C. 1404(b). [Docket 34]  Claimants move the court to transfer this case to the docket of the

Honorable Robert C. Chambers in the Huntington division of the United States District Court for

the Southern District of West Virginia. The petitioners oppose the claimants' request.  For reasons

discussed below, the claimants' motion to transfer is **DENIED**.

This limitation of liability action arises out of an accident that occurred on or about January

6, 2005 while the M/V JON J. STRONG and its tow was locking-through northbound at the

Belleville Lock and Dam in Wood county, West Virginia.  Two multi-plaintiff complaints claiming

property damage from this incident are pending in the United States District Court for the Southern

District of West Virginia. *Murray, et al. v. American Electric Power, et al.* (*Murray*) was originally

filed in the Circuit Court of Wood County, West Virginia on January 28, 2005.  The *Murray*

defendants removed the case to federal court on March 4, 2005, and it is now in the Parkersburg

division of the United States District Court for the Southern District of West Virginia. *Davis, et al.*

*v. American Electric Power, et al. (Davis)* was filed in the Huntington division of the United States District Court for the Southern District of West Virginia on February 15, 2005.

The instant limitation of liability action was filed on March 18, 2005 in the Charleston division and assigned to the Parkersburg division. Proceedings in both the *Davis* and *Murray* cases are stayed following the entry of the restraining order in this action on April 4, 2005. [Docket 7] The claimants who seek intra-district transfer of this action to the Huntington division are also the plaintiffs in *Davis*. The claimants assert that because they were the first to file their action on February 15, 2005, this limitation action should be transferred to the Huntington division and assigned to Judge Chambers.

Claimants are relying upon the "first-to-file" rule, a general principle of judicial administration normally employed when cases involving the same parties and same events are filed in separate district courts. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 502, 508 (1947). The Fourth Circuit has recognized the "first to file" rule of the Second Circuit, which gives priority to the first suit filed absent the showing of a balance of convenience in favor of the second. *Ellicott Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178, 180 n. 2 (4th Cir.1974), citing *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423 (2d Cir.1965). The first-to-file rule is most often applied to inter-district situations, but claimants assert that its rationale is equally persuasive in situations involving intra-district transfers. Indeed, some district courts have incorporated the first-to-file rule into their local rules dealing with intra-district assignment of related cases. Notably, however, the local rules of the United States District Court for the Southern District of West Virginia do not address intra-district assignment of related cases.

-2-

Regardless of whether application of the "first-to-file" rule is required in the instant case, the *Davis* case is not the "first-filed." Where a state action is subsequently removed to federal court, for purposes of the first-to-file rule, the state court filing date is the relevant benchmark. *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F.Supp. 161, 166 (S.D.N.Y. 1992). Thus, the relevant filing date is January 28, 2005 for *Murray* and February 15, 2005 for *Davis*. Accordingly, the *Davis* claimants who have made this motion for intra-district transfer are not entitled to a first-to-file preference.

Turning from general principles of judicial administration, Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims specifically addresses venue issues in limitation of liability actions. Rule F(9) provides, in pertinent part, as follows:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim . . . For the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed. R. Civ. P. Supp. R. Adm. Mar. Cl. F. Accordingly, the court has broad discretion to select venue among competing districts in limitation of liability actions. The parties do not dispute that this case is properly filed in the Southern District of West Virginia. Instead, they disagree as to which division, Huntington or Parkersburg, is proper. A comparison of the convenience of the parties and witnesses and the interests of justice clearly lies in favor of retaining this action in Parkersburg. Regarding convenience of the witnesses, the site of the accident is significantly closer

-3-

to Parkersburg than Huntington. Moreover, the plaintiffs in both *Murray* and *Davis* reside or own property in Wood County, West Virginia or across the Ohio River in Ohio near Parkersburg. Indeed, it appears that the only connection this case has to Huntington is the related *Davis* action. The interests of justice are best served by retaining this case in the Parkersburg division.

Accordingly, the Claimant's Motion for Intra-district Transfer pursuant to 28 U.S.C. § 1404(b) is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Written Order to counsel of record and any unrepresented party.

ENTER:        August 26, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

-4-