IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

**INTENDED FOR PUBLICATION**

IN THE MATTER OF THE COMPLAINT
OF B & H TOWING, INC., et al.,

        Plaintiffs,

        CIVIL ACTION NO.  6:05-cv-00233

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to enlarge the order restraining suit [Docket 482] and a motion for expedited consideration of the motion to enlarge the order restraining suit [Docket 551] filed by B & H Towing, Inc.; AEP MEMCO, LLC; American Electric Power Company, Inc.; and AEP Resources, Inc. (collectively referred to as "movants").  For the reasons stated herein, the court **GRANTS** the motion to expedite consideration and **DENIES** the motion to enlarge the order restraining suit.

This limitation of liability proceeding arises out of a January 6, 2005 allision on the Ohio River at the Belleville Lock and Dam involving the M/V JON J. STRONG motor vessel.  On March 18, 2005, the movants filed a Complaint seeking exoneration from or limitation of liability.  On April 4, 2005, the court issued an order "restraining and enjoining all claims and proceedings against the M/V JON J. STRONG and Petitioners in any Court . . . until termination of this proceeding."  On June 15, 2005, David Lee filed a claim for damages in the limitation action.  On December 23, 2005, David and Debbie Lee filed suit against the captain of the M/V JON J. STRONG, Victor

Baker, in the Circuit Court of Wood County, West Virginia. The suit asserted claims for negligence, nuisance, and strict liability.

The movants now request the court to enlarge the order restraining suit to include all suits against the master and the crew of the M/V JON J. STRONG, including the lawsuit against Mr. Baker, arising out of the allision. The United States filed a brief in opposition, and a group of claimants referred to as the Murray Claimants, adopting the arguments of the United States, filed a brief in response.

The Limitation of Liability Act (the "Act") generally limits a shipowner's liability for maritime disasters to the value of the vessel and its freight. 46 U.S.C. § 183 (2000). When the shipowner files a petition for exoneration from or limitation of liability, "all claims and proceedings against the *owner* with respect to the matter in question shall cease." *Id.* § 185 (emphasis added). The benefits conferred by § 185, however, are granted solely to shipowners and not to vessel masters. Further emphasizing this limitation, § 187 provides:

> Nothing in sections 182, 183, 184, 185, and 186 of this title shall be construed to take away or affect the remedy to which any party may be entitled, against the *master, officers, or seamen*, for or on account of any embezzlement, injury, loss, or destruction of merchandise, or property, put on board any vessel, or on account of any negligence, fraud, or other malversation of such master, officers, or seamen, respectively, nor to lessen or take away any responsibility to which any master or seaman of any vessel may by law be liable, notwithstanding such master or seaman may be an owner or part owner of the vessel.

*Id.* § 187 (emphasis added).

The Fourth Circuit has not interpreted the breadth of § 187. The Fifth and Ninth Circuits, however, have addressed the issue before the court, but have reached inapposite conclusions. *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484 (5th Cir. 1991); *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756 (9th Cir. 1986). In *Paradise Holdings*, the Ninth Circuit acknowledged that

2

interpreting § 187 to prohibit a stay against vessel captains has "literal appeal," but found it must construe § 187 "in a manner that best promotes each of Congress's goals" for the Act. *Paradise Holdings*, 795 F.2d at 762. The court explained the Act is intended to decide all claims against a shipowner in one proceeding under a single set of rules to avoid inconsistent outcomes. *Id.* at 761. The court, relying on *Maryland Casualty Co. v. Cushing*, 347 U.S. 409 (1954), further noted that an additional purpose of the Act is to permit a shipowner to retain the benefit of its insurance. *Id.* at 762. Reasoning that a state court action against a vessel's captain could deplete the vessel owner's insurance coverage, the court found it may be inconsistent with the purposes of the Act to permit some limitation plaintiffs to proceed in state court against a vessel's captain and crew before the limitation fund is divided among the claimants. *Id.* at 763. Giving considerable weight to congressional intent, the court upheld the district court's stay of an action against a vessel's captain. *Id*.

In *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484 (5th Cir. 1991), the Fifth Circuit addressed the same issue but found it could not broaden an order restraining suit to include suits against captains and crew members. The *Zapata* court acknowledged that the purposes of the Act may be inconsistent with the prohibitions set forth in § 187. *Zapata*, 388 F.3d at 486. But the court found that, even if insurance coverage protection is a general purpose of the Act, rules of statutory construction did not allow the court to "reach beyond the plain language of § 187 to divine congressional intent." *Id.* at 487.

Relying on *Paradise Holdings*, the movants encourage the court to ignore the plain language of the statute because enlargement of the restraining order is required to effect the purposes of the

3

Act.[1]  I am persuaded, however, by the Fifth Circuit's reasoning in *Zapata*.

Although the question before the court is an issue of first impression in this circuit, the Fourth Circuit has established a clear standard I must follow when interpreting statutes.  Barring exceptional circumstances, "the plain meaning of an unambiguous statute governs." *Wachovia Bank v. Schmidt*, 388 F.3d 414, 416 (4th Cir. 2004).    Section 187 unambiguously provides that § 185 shall not "take away or affect the remedy to which any party may be entitled, against the master" of a vessel.  Accordingly, I cannot consider congressional policies or goals and must give effect to the plain meaning of the statute.  I **FIND** § 187 clearly prohibits me from extending the restraining order to include suits against the captain and the crew of the M/V JON J. STRONG.  *See Complaint of J.E. Brenneman Co.*, 277 F. Supp. 2d 518, 521 (E.D. Pa. 2003) (finding the unambiguous language of the Act makes plain that it applies only to shipowners).

Applying the plain meaning of § 187, the court **DENIES** the motion to enlarge the order restraining suit.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and **DIRECTS** the Clerk to post this opinion at *http:www.wvsd.uscourts.gov*.

---

[1] The movants also claim the suit against Mr. Baker must be stayed under Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.  Rule F(3) provides in part that upon "compliance by the owner [of the Act's requirements] all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease."  The movants contend that if the Lees prevail in their state court action, "there is little doubt" they will attempt to enforce that judgment against the movants' insurance policies.  Regardless of whether the Lees intend to enforce the judgment against the movants' insurance policies (the movants have provided no evidence that the Lees intend to do so), I cannot ignore the plain meaning of § 187.

ENTER: June 15, 2006

*[signature]*
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

John R. Hoblitzell, Charleston, WV
Ashley W. French, Charleston, WV
For Plaintiffs B & H Towing, Inc.; AEP MEMCO, LLC; American Electric Power Company, Inc.; and AEP Resources, Inc.

Stephen M. Horn, Charleston, WV
Matthew J. Glomb, Washington, D.C.
For Claimant United States of America

Anthony J. Majestro, Charleston, WV
James C. Powell, Charleston, WV
Harry G. Deitzler, Charleston, WV
R. Edison Hill, Charleston, WV
For the Murray Claimants